IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CLEVELAND HARDY** )
       Plaintiff )
)
vs )
)
**CITY OF CHICAGO** )
       Defendant )
) **Jury Demanded**

## COMPLAINT

Plaintiff Cleveland Hardy by and through his attorneys Susan P Malone and Deborah Pascua complains against Defendant City of Chicago and states as follows:

### NATURE OF THE ACTION

1. Plaintiff Cleveland Hardy brings this action seeking procedural due process and the reinstatement to his position together with damages and other relief. Defendant has deprived Plaintiff of his due process rights secured by the Fourteenth Amendment to the United States Constitution pursuant to the provisions of the Civil Rights Act of 1864, 42 U.S.C. s. 1983.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this matter because of the existence of a federal question pursuant to 28 U.S.C. s 1331, and 1343(a) as well as 42 U.S. C. s 1983 and 1988.

1

3. Venue is proper in this district pursuant to 28 U.S.C. s. 1391 as the acts giving rise to the claims occurred within this district.

## THE PARTIES

4. Defendant City of Chicago is and was at all times relevant herein a municipal corporation organized and existing under the laws of the State of Illinois.

5. Defendant Garry McCarthy is and was at all times relevant herein the Superintendent of the City of Chicago Department of Police and is named herein individually and in his capacity as Superintendent.

6. Defendant Eugene Williams is and was at all times relevant herein a Chief within the City of Chicago Department of Police and is named herein individually and in his capacity as Chief of Patrol.

7. Plaintiff Cleveland Hardy is and was at all times relevant herein a resident of the City of Chicago, County of Cook, and State of Illinois. Plaintiff Hardy is and has been since 1991 employed by the City of Chicago Department of Police as a sworn officer.

8. At all times relevant herein, a collective bargaining agreement, duly ratified by the City Council, was in full force and effect between the Police's Benevolent & Protective Associations of Illinois – Unit 156-Sergeants (PBPA) and the City of Chicago.

9. The agreement provided in pertinent part: No Sergeant covered by this Agreement shall be suspended, relieved from duty or disciplined in any manner without just cause. (PBPA Agreement, para. 8.1).

10. The City of Chicago Department of Police has the power and authority to regulate the selection of persons for promotion as authorized by the City of Chicago Municipal Code, Personnel Rules, the relevant collective bargaining agreements and orders and policies established by the Department from time to time. Pursuant to the authority provided by law, the City of Chicago Department of Police adopted policies and procedures governing the promotion of police officer employees to the position of Sergeant. During all times relevant herein, the Department had in force and effect an order governing the promotion to the position of sergeant based upon merit, as delineated in Employee Resources Order E05-04 entitled Merit Board, effective April 19, 2012, a true and correct copy of which is attached hereto as Exhibit A

11. Plaintiff Hardy was notified that he had been nominated by Commander James Johnson for merit promotion to the position of sergeant with the Chicago police department pursuant to the provisions of Section IV (A) of the order. Commander Johnson was one of the persons authorized by the terms of the order to nominate officers for merit promotion to sergeant.

12. Plaintiff Hardy was directed to gather and submit a packet of information consisting of a resume and proof of education with which directive Hardy Complied.

13. Upon information and belief, the packet of information submitted by Merit Candidates is then reviewed by the Internal Affairs Division, City of Chicago

Human Resources and City of Chicago Police Department Personnel Sections. The packet of information submitted by plaintiff Hardy was submitted to and review by these relevant authorities.

14. Persons found eligible after nomination and review are then interviewed by various department officials. Hardy was interviewed by the designated officials including the Superintendent of Police, the Chief of Staff, the Chief of Crime Strategy and a representative of The Office of the City Inspector General.

15. These designated officials reviewed the materials and documents submitted as part of the established procedures for those nominated for promotion including the documents and materials submitted relating to plaintiff.

16. Hardy was found to be a qualified candidate therefore eligible for review by the Academic Selection Board.

17. The Board then recommends eligible candidates to the Superintendent who then selects candidates for promotion to Sergeant.

18. Hardy was recommended by the Board and selected by the Superintendent for promotion to Sergeant. Hardy was notified he had been so selected and was notified he was being promoted to Sergeant.

19. In May, 2014 after completion of the promotion processes established the by the Department, plaintiff was ordered to report to the Education and Training Division to begin pre-service Sergeant training.

20. On June 13, 2014, the plaintiff having successfully completed the pre-service training required for persons selected for promotion to the position of sergeant,

4

plaintiff graduated from such training and was recognized by the department as having successfully completing such training. A true and correct copy of the certificate of recognition is attached hereto as Exhibit B.

21. Upon graduation from such training, plaintiff Hardy was assigned to work as a field sergeant from June 14 to and including June 24, 2014 in District 7 of the Chicago Police Department and did so, excluding regularly scheduled days off.

22. On June 27, 2014, Hardy was ordered to and did report to the Chief of Patrol Eugene Williams who told him that effective immediately, he was being demoted from the position of Sergeant to his prior position as patrol officer.

23. When Hardy asked the reason and basis for this action, Chief Williams stated as the sole basis was that City Hall had reported that an unknown person had told an unknown person at City Hall that Hardy had not "passed" the written test.

24. Because the selection of those to be promoted was within the control and discretion of the Superintendent of Police McCarthy, Williams could not have demoted Hardy without the authorization and agreement of the Superintendent who was therefore the official policymaker for the City on the matter of promotion and demotion of sergeants.

25. The orders, policies and procedure adopted by and promulgated by the Superintendent did not provide for or authorize the demotion of a sergeant without just cause.

26. At the time of this action, plaintiff was given no opportunity to review the allegations against him nor any opportunity to be heard. Chief Williams did not state in

5

any manner that plaintiff had in any manner acted improperly, failed any aspect of service training or contend that Hardy had failed to perform the duties of sergeant following graduation.

27. At all times relevant herein, plaintiff had a property interest in his position as sergeant created by the municipal code of the City of Chicago, the collective bargaining agreement ratified by the City Council and the provisions of state law protected by the Fourteenth Amendments to the Constitution of the United States of America.

28. Furthermore defendant had, under color of authority of state law, enacted policies, procedures and orders as delineated above which established a process and procedure by which promotions to sergeant would be made which provided plaintiff with additional property interests and rights which policies, procedure and orders did not provide for or permit the demotion of a sergeant without just cause and due process.

29. In violation of plaintiff's due process rights and the rules and regulations hereinbefore cited, defendant deprived plaintiff of pre-demotion or post-demotion procedures or hearings.

30. The conduct of defendant was taken in concert, was willful, wanton, intentional and malicious and deliberately indifferent to plaintiffs rights under 42 U.S.C. 1983.

31. As a direct and proximate result of the defendant's actions in violation of his Constitutional rights to due process, plaintiff has sustained damages, including loss

6

of salary, benefits, diminished pension, and emotional distress and suffering, embarrassment, reputational and career damage by relying upon his promotion to sergeant and then suffering from a sudden and unwarranted demotion.

    32.    Plaintiff demands a right to a jury trial of this matter on all issues so triable.

Wherefore, Plaintiff respectfully requests this Honorable Court find in his favor and against defendant and award plaintiff the following relief

    a) Declare the conduct of defendants is in violation of Plaintiff's due process rights under the Fourteenth Amendment;

    b) Order Defendants to reinstate plaintiff to his position as Sergeant

    c) Award plaintiff the value of all compensation and benefits lost including interest as a result of the defendants unlawful conduct;

    d) Award plaintiff compensatory damages as may be found by the jury

    e) Award plaintiff reasonable attorney's fees, costs and expenses; and

    f) Such other and further relief as to this court shall seem just

Count II – Mandamus

1-31. Plaintiff repeats and re-alleges as paragraphs one through thirty one of this Count II, paragraphs one through thirty one of Count I and further states

    32. Defendants McCarthy and Williams had no authority or right to demote plaintiff from the position of Sergeant without due process of law.

33. The action of the defendants in demoting plaintiff were a non-discretionary act without authorization such that this Court has the right to order defendants to take action to reverse the demotion.

Wherefore for the reasons stated herein, plaintiff Hardy respectfully requests this Honorable court issue a writ of mandamus directing the defendants to reinstate plaintiff to the position of sergeant and such other and further relief as to this Court shall seem just.

Respectfully submitted

_s/Susan P Malone

Susan P. Malone
542 S. Dearborn Street, Suite 610
Chicago, IL 60605
(312) 726-2638
smalonelaw@sbcglobal.net

Deborah Pascua, Esq.
Pascua.law@gmail.com
P.O. Box 16627
Chicago, IL 60616
(773) 512 2887

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CLEVELAND HARDY** )
      **Plaintiff** )

vs )

**CITY OF CHICAGO** )
      **Defendant** )
) **Jury Demanded**

Exhibit A

Chicago Police Department

Merit Board Order

1

Chicago Police Department

# MERIT BOARD

**Employee Resource E05-04**

| ISSUE DATE: | 19 April 2012 | EFFECTIVE DATE: | 19 April 2012 |
|---|---|---|---|
| RESCINDS: | E05-04; version dated 04 January 2012 | | |
| INDEX CATEGORY: | Employee Rights and Responsibilities | | |

## I. PURPOSE

This directive continues the:

A. Merit Board.

B. process by which the Department considers and evaluates nominations for merit appointments.

C. procedures for recommending police officers for merit appointment to select D-2A positions.

D. procedures for recommending police officers below the rank of sergeant for merit promotion to the rank of sergeant of police.

E. procedures for recommending sergeants for merit promotion to the rank of lieutenant of police.

F. procedures for recommending lieutenants for merit promotion to the rank of captain - senior executive service (SES).

G. applicant evaluation and selection procedures for the participation of members in select management educational programs.

## II. POLICY

It is the policy of the Department to consider eligible sworn members for appointment to select D-2A positions, to the ranks of sergeant, lieutenant, and captain (SES) of police and for attendance at select management educational programs and for other positions/programs as identified by the Superintendent of Police.

## III. MERIT BOARD

A. It is the responsibility of the Merit Board to evaluate and recommend eligible candidates for merit appointments.

B. The Merit Board consists of the following members:

1. First Deputy Superintendent
2. Chief, Bureau of Patrol
3. Chief, Bureau of Detectives
4. Chief, Bureau of Organized Crime
5. Chief, Bureau of Organizational Development
6. Chief, Bureau of Administration
7. Chief, Bureau of Internal Affairs
8. <u>Chief, Office of International Relations</u>
9. <u>Chief, Special Functions Division</u>

C. The First Deputy Superintendent will serve as chairperson of the Merit Board and set forth the nomination procedure for merit appointments.

D. The Chief, Bureau of Administration, will serve as vice-chairperson of the Merit Board.

- E. The Director, Human Resources Division, will serve as secretary to the Merit Board as a non-voting member.
- F. Merit Board meetings will be conducted only with a quorum of the membership present. The presence of the following members constitute a quorum:
    1. The First Deputy Superintendent, as chairperson of the Merit Board, or the Chief, Bureau of Administration, as vice-chairperson of the Merit Board; and
    2. two other members of the Merit Board.
- G. An official representative of the City of Chicago Department of Human Resources will be present as a non-voting observer whenever the Merit Board meets to consider nominations for merit promotions.

## IV. MERIT APPOINTMENT FOR THE RANKS OF LIEUTENANT AND BELOW

- A. The Merit Promotion Nominators are exempt Department members below the rank of chief.
- B. The Merit Board Chairman will determine the actual number of nominations that the Merit Promotion Nominators are authorized to make.
- C. Merit Promotion Nominators will submit nominations for merit-based appointments to select D-2A positions and promotions to the ranks of sergeant, and lieutenant, of police consistent with the current Department directive for the position in which nominations are being accepted.
- D. Merit Promotion Nominators are encouraged to consider members of their command before nominating members assigned to units outside of their command.
- E. The Merit Board will review and evaluate the nominations and make recommendations to the Superintendent of Police.
- F. The Superintendent of Police will make the final selection for all appointments. Nomination for a merit promotion does not guarantee selection.

## V. MERIT APPOINTMENT FOR CAPTAIN SENIOR EXECUTIVE SERVICE (SES)

- A. After applicants have submitted their applications and eligible applicants have been referred to the Captain (SES) Screening Board, the list of all remaining candidates will be forwarded in a sealed envelope to the Superintendent of Police who will refer the sealed envelope containing the list to the Chairman of the Merit Board for further screening.
- B. The Merit Board will review the list of lieutenants' Resume / Self-Assessment forms for captain (SES) and make recommendations to the Superintendent of Police for appointment to the position of captain (SES).
- C. The Superintendent of Police will select candidates to attend training and make the final selection for all appointments to the position of captain (SES).

## VI. SELECT MANAGEMENT EDUCATIONAL PROGRAMS

- A. Department supervisors who wish to attend the School of Police Staff and Command of the Northwestern University Center for Public Safety, the National Academy Program of the Federal Bureau of Investigation, or similar programs funded by the Department will, upon announcement by the Merit Board, will submit a Personnel Action Request (PAR) formset (CPD-11.612) to the First Deputy Superintendent, Chairman of the Merit Board. The PAR formset will be accompanied by a:
    1. resume.
    2. letter of recommendation (in the form of a To-From-Subject report) from the member's commanding officer.

        **NOTE:** Applications not accompanied by the above documents will be returned as incomplete.

- B. The Merit Board will review applications and make recommendations to the Superintendent of Police.

C. The Superintendent of Police will make the final selection for all appointments.

D. Records of all Merit Board applications will be retained in accordance with existing record retention requirements.

E. Procedures delineated in the Department directive entitled, **"Travel, Department-Funded Training, and Reimbursement Guidelines"** will be followed whenever expenses associated with registration fees, transportation, lodging cost, etc., are incurred by the Department.

(Items indicated by *italic/double underline* were added or revised)


Authenticated by: JKH

Garry F. McCarthy
Superintendent of Police

T12-047 RDR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**CLEVELAND HARDY** )
      **Plaintiff** )
)
vs )
)
**CITY OF CHICAGO** )
      **Defendant** )
) **Jury Demanded**

Exhibit B

Certificate of Completion

# CITY OF CHICAGO
# CERTIFICATE

Awarded to

## Cleveland L. Hardy Jr.

by the

### CHICAGO POLICE DEPARTMENT
### TIMOTHY J. O'CONNOR TRAINING ACADEMY

In Recognition of the Successful Completion of
**CHICAGO POLICE PRE-SERVICE SERGEANTS' TRAINING**
12 May 2014 - 13 June 2014

_____
KEITH CALLOWAY
DEPUTY CHIEF

_____
GARRY F. McCARTHY
SUPERINTENDENT OF POLICE

