**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLEVELAND HARDY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1174 |
| | ) | |
| **CITY OF CHICAGO** and **GARRY** | ) | |
| **MCCARTHY**, Individually and as | ) | |
| Superintendent of Police of the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendants City of Chicago and its Superintendent of Police Garry McCarthy have filed their collective Answer and some added defenses to the First Amended Complaint ("FAC") brought against them by Cleveland Hardy. This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

To begin with, defense counsel seem to have applied for membership in the distressingly large DRR Club for Lawyers.[1] In this instance two of the answers (Answer ¶¶ 11 and 26) employ the locution that a defendant "lacks sufficient information to admit or deny the allegations as set forth in paragraph --," while anyone who reads the disclaimer provision in Fed. R. Civ. P. ("Rule") 8(b)(5) would immediately recognize that the key element of "belief" (the inclusion of which substantially raises the hurdle for a good faith disclaimer) is entirely missing from that formulation.

Accordingly the form of disclaimer employed in those paragraphs of the Answer is stricken. Leave is of course granted to file an amendment to each of those paragraphs on or

---

[1] As what follows in the text reflects, the acronym stands for "Don't Read Rules."

before August 26, 2015, with the understanding that in doing so defense counsel will take a hard look at each FAC allegation involved to see whether that can be done in the objective and subjective good faith demanded by Rule 11(b).

As for the portion of the responsive pleading set out under the label of Affirmative Defenses ("ADs"), the first five of the purported ADs really do not fit that label as its scope is revealed by Rule 8(c) -- see, e.g., App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Instead they are really the equivalent of Rule 12(b)(6) motions, which should not be left like ticking time bombs for possible explosion in the future.

Hence ADs 1 through 5 are stricken without prejudice. If defendants and their counsel take one or more of those objections seriously, as this Court assumes to be the case, a properly supported Rule 12(b)(6) motion must be tendered promptly so that it can be determined up front whether and to what extent Hardy's claims survive. Absent such a motion, the FAC will stand untouched.

As for AD 6, its opening "To the extent that . . ." is the telltale tipoff to the fact that it is not currently an AD at all, but rather a speculative assertion of what may be the result of future discovery. It too is stricken.

Lastly, the asserted reservation of a right to assert further ADs or other defenses if future developments were to disclose them is both needless and meaningless. It too is stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2015